UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
HILARY A. BEST AND ALL PERSONS
SIMILARLY SITUATED,

               Plaintiffs,

               v.

RICHARD A. BROWN, His Estate and
Successors in Office; THE QUEENS
COUNTY DISTRICT ATTORNEYS
OFFICE,

              Defendants.
------------------------------------------------------------ X

**MEMORANDUM & ORDER**

19-CV-3724 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 26, 2019, the *pro se* plaintiff, Hilary A. Best, purportedly on behalf of himself and "all others similarly situated," filed this action pursuant to 42 U.S.C. § 1983 against the Office of the Queens County District Attorney, and the recently-deceased Queens County District Attorney, Richard A. Brown. He alleges the deprivation of his constitutional rights and seeks damages. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the complaint is dismissed, but plaintiff is granted leave to amend within thirty days of the date of this Order.

## STANDARD OF REVIEW

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted).

1

Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989) (noting that "[28 U.S.C. § ] 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364. A cause of action is properly deemed frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## BACKGROUND

The complaint alleges:

> Defendants have practiced a policy of depriving Plaintiffs of liberty without due process of law in violation of the 14th Amendment to the United States Constitution, by subjecting Plaintiffs to indictment upon felony complaint without a preliminary hearing or waiver thereof, in violation of CPL secs. 100.05, 180.10 through 180.80, and 190.55 (2)(a), and minimum due process of law requiring a hearing when a person faces a mass deprivation of liberty, as without bail pursuant to CPL 530.20.

2

> Under color of state law, the defendants have pursued and obtained indictments against Plaintiffs within five (5) business days of arrest in order to prevent release pursuant to CPL sec. 180.80,[1] when although indictment within five (5) business days of arrest upon a felony complaint prevents a defendant's release upon his or her own recognizance pursuant to CPL sec. 180.80, nothing in the statute permits the omission of a preliminary hearing or waiver thereof.

Compl. at 3-4.

Plaintiff does not make any personal claims. He provides no information about whether, when or with what crime he was charged and/or convicted, or of what type of preliminary hearing he was deprived. He seeks to bring this claim on behalf of persons who were indicted by the Office of the Queens County District Attorney because, he alleges, the office has been violating the cited provisions since 1991.

## DISCUSSION

### A. Claims on Behalf of Others

Plaintiff is a non-attorney proceeding *pro se* purporting to represent other similarly situated persons. Plaintiff may not bring this complaint on behalf of others without a lawyer. 28 U.S.C. § 1654; *see Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) ("[A]n individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally, [but] the statute does not permit unlicensed laymen to represent anyone else other than themselves."); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (holding that an unlicensed individual "may not appear on another person's behalf in the other's cause"). Thus, the complaint

---

[1] CPL § 180.80 provides in pertinent part that a defendant held in custody for "more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon" must be released by the local criminal court. "The purpose of CPL § 180.80 is 'to ensure that a defendant being held in custody on the basis of a felony complaint not be incarcerated for an excessive period of time prior to judicial determination that there is reasonable cause to believe that he committed a felony.'" *People v. Ijnace*, 174 Misc. 2d 850, 854–55, 667 N.Y.S.2d 229, 233 (Sup. Ct. 1997) (quoting *People ex rel. Suddith and Willard Cradle v. Sheriff of Ulster County*, 93 A.D.2d 954, 463 N.Y.S.2d 276 (3rd Dept. 1983).

as to other plaintiffs is dismissed without prejudice. His class action certification request, to the degree he expresses one, is denied as moot.

### B. Defendants are Immune from this Action

Plaintiff's claim for damages against the Office of the District Attorney, Queens County and Richard Brown, District Attorney Queens County ("Brown") in his official capacity are barred by the Eleventh Amendment to the United States Constitution. "Stated as simply as possible, the Eleventh Amendment means that, as a 'general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* "Further, where a state official is sued for damages in his or her official capacity, such a suit is deemed to be a suit against the state and is barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted). Where a district attorney is sued for damages in his or her official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. *See Amaker v. N.Y. State Dep't of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011)(holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993)(holding that district attorney represents the state, not the

4

county, and so is entitled to Eleventh Amendment immunity). Plaintiff's claim against Brown in his official capacity and the Office of the Queens County District Attorney are therefore barred by the Eleventh Amendment and is dismissed as frivolous. *See Ying Jing Gan v. City of New York*, 996 F.2d at 536 (stating that a district attorney in New York state is entitled to Eleventh Amendment immunity where plaintiff's "claims center[ ] . . . on decisions whether or not, and on what charges to prosecute: and not where those claims focus on the administration of the district attorneys' office."); *Fitzgerald*, 221 F.3d at 364 (frivolous claims may be dismissed sua sponte even in fee-paid actions); *Montero*, 171 F.3d at 760 (a complaint is frivolous if the defendant is immune from suit).

To the extent plaintiff seeks to sue Brown for damages in his individual capacity,[2] he has failed to allege any facts in support of his conclusion that Brown personally violated his constitutional rights. If Best seeks damages for Brown's decision to prosecute him, Brown would be entitled to absolute prosecutorial immunity. It is well-settled that prosecutors performing prosecutorial activities that are "intimately associated with the judicial phase of the criminal process" are entitled to absolute immunity from an action for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). A prosecutor thus has absolute immunity in connection with the decision whether to commence a prosecution. *See, e.g., Imbler v. Pachtman*, 424 U.S. at 431 (absolute immunity for "initiating a prosecution"); *Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir.1987) (filing a criminal information); *Ying Jing Gan v. City of New York*, 996 F.2d at 530 ("a prosecutor has absolute immunity for his decision as to what offenses are and are not to be charged."). If plaintiff seeks to assert a claim that Brown maintains or perpetuates an

---

[2] Plaintiff selects that he is bringing this complaint against Brown in his "individual capacity" on the form complaint. *See* Compl. at 2.

office-wide policy that deprived him of his constitutional rights, he has not plead any facts specific to *his* prosecution nor how the practice directly caused the alleged deprivation of *his* rights. In any event, even if plaintiff had alleged facts to support his contention that Brown maintained an unconstitutional policy as the "final policy authority" of the Queens County District Attorney's Office that violated plaintiff's constitutional rights, such a claim would amount to a claim against Brown as the official policymaker of the City, that is, a municipal liability claim against the City of New York, rather than a claim against Brown in his individual capacity. Thus, as currently stated, plaintiff's complaint against Brown in his individual capacity is dismissed as frivolous. *Montero*, 171 F.3d at 760 (a complaint is frivolous if the defendant is immune from suit); *Livingston v. Adirondack Beverage Co.*, 141 F.3d at 437.

## LEAVE TO AMEND

In light of plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal), plaintiff is afforded thirty days to amend his complaint. *See* Fed R. Civ. P. 15(a); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d at 795. In the amended complaint, plaintiff should name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. To the best of his ability, plaintiff must describe each individual and the role she or he played in the alleged deprivation of his rights. If plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that person and designate them as Jane Doe or John Doe, providing any identifying information available to him. And he must state facts to support the allegation of a constitutional violation. Essentially, the body of plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

## CONCLUSION

Accordingly, the complaint is dismissed as frivolous because the defendants are absolutely immune from suit. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d at 363-64; *Montero v. Travis*, 171 F.3d at 760.

In light of plaintiff's *pro se* status, however, plaintiff is granted thirty days to amend his complaint. Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint, so plaintiff must include in it any allegations he wishes to pursue against proper defendants. To aid plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)" form to plaintiff.

Further, if plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed, and judgment shall enter.

Although plaintiff paid the filing fee to commence this action, if plaintiff requests *in forma pauperis* status for any appeal of this order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/William F. Kuntz, II

William F. Kuntz II
United States District Judge

Dated: July 11, 2019
      Brooklyn, New York

7